# UNITED STATES DISTRICT COURT
# DISTRICT OF CONNECTICUT

| | |
|---|---|
| SUSAN SKIPP<br>    Plaintiff,<br><br>v.<br><br>STATE OF CONNECTICUT, *et al.*<br><br>    Defendants. | No. 3:19-cv-667(MPS) |

## **DISMISSAL AND LEAVE-TO-FILE INJUNCTION**

Ms. Skipp's claims lack merit and are hereby DISMISSED.

On September 28, 2018, in 17cv1974, Judge Bolden entered the following permanent injunction against Ms. Skipp:

> Plaintiff, Susan Skipp, is hereby permanently enjoined, in the District of Connecticut, from serving upon any person, natural or legal, or any other entity, any document, motion, affidavit, declaration, or other paper purporting a loss, abrogation, or interruption of her federal rights in connection with state-court judgments rendered on or before the date of this Order. If Ms. Skipp seeks to pursue her rights in any other federal district or in state court, she is ordered to attach this Order to any such filing. *See Doe v. Republic of Poland*, 531 F. App'x 113, 115 (2d Cir. 2013). Ms. Skipp also is hereby notified and advised that failure to honor the terms of this Order shall subject her to penalties available for contempt of this court, including but not limited to fine, imprisonment, or both. This Order is entered with the following limitations. Nothing in this Order shall be construed as having any effect on Ms. Skipp's ability to defend herself in any criminal action brought against her. Nothing in this Order shall be construed as denying Ms. Skipp access to the courts through filing of a petition for a writ of habeas corpus or other extraordinary writ.

17cv1974 (ECF No. 39).

I have reviewed Ms. Skipp's response (ECF No. 5) to my order of May 7, 2019 (ECF No. 4) directing her, among other things, to show cause why she should not be held in contempt for violating Judge Bolden's order by filing the "petition for writ of habeas corpus" in this action, and why I should not impose an additional injunction barring her from filing a habeas petition or any

other type of action attempting to challenge previous state court judgments allegedly depriving her of her children. I find that her response fails to show that her "petition for writ of habeas corpus" (ECF No. 1) is anything other than another attempt to challenge the same state court judgments and proceedings relating to custody of her children that she has challenged many times previously in this Court and about which she was prohibited from making further filings by Judge Bolden's order.

In particular, I make the following findings:

1. Ms. Skipp has filed at least 8 other cases in this Court arising directly or indirectly out of state court judgments involving the custody of her children. *See Skipp et al. v. Connecticut Judicial Branch et al.* (14-cv-00141-JAM), *Skipp et al. v. Connecticut et al.* (16-cv-01194-MPS), *Skipp et al. v. Paxton et al.* (16-cv-01619-JAM), *Skipp et al. v. Brigham et al.* (17-cv-01224-MPS), *Skipp et al. v. Brigham et al.* (17-cv-01569-MPS), *Skipp et al. v. Tittle et al.* (17-cv-01761-MPS), *Skipp et al. v. Murphy et al.* (17-cv-1974-VAB), *Skipp v. Tittle et al.* (18-cv-447-VAB). None have been successful. *See also Skipp v. Brigham*, 17cv1224, ECF No. 31 at 15–16 (describing Skipp's litigation history).

2. Ms. Skipp's motivation for pursuing this lawsuit is not in good faith, but for purposes of harassment; given the failure of her previous lawsuits on the same subject matter, she has no objective good faith expectation of prevailing. Her suit is just another attempt to challenge the same state court judgments and proceedings relating to custody of her children that she has challenged many times previously in this Court and about which she was prohibited from making further filings by Judge Bolden's order.

3. Ms. Skipp is not represented by counsel in this case, but is *pro se*.

4. Ms. Skipp's pattern of vexatious and meritless litigation, which has named state court officials, state judges, attorneys, and federal judges with whom she disagrees as defendants (*see, e.g.,* 17-cv-01569), has caused needless expense for the parties and has posed an unnecessary burden on this Court.

5. Nothing less than an additional permanent filing injunction of broader scope would be adequate to protect the courts and other parties. Even though I have previously warned Ms. Skipp that I would impose a leave-to-file injunction (17-cv-01224, ECF No. 31), and Judge Bolden did impose one as described above (17cv1974, ECF No. 39), Ms. Skipp has continued to file baseless actions concerning the same state court judgments in an attempt to sidestep that injunction.[1]

*See Safir v. U.S. Lines, Inc.*, 792 F.2d 19, 24 (2d Cir. 1986) (indicating that a district court should consider the above factors in deciding whether to impose a leave-to-file injunction). Because four of the five relevant factors favor imposing the injunction, I conclude that a permanent filing injunction of broader scope is appropriate. I now enter the following order of permanent injunction, which shall be in addition to Judge Bolden's order of September 28, 2018:

**Ms. Skipp is permanently enjoined, in the District of Connecticut, from filing in this Court or serving upon any person, natural or legal, or any other entity, any document, motion, affidavit, declaration, or other paper alleging or purporting a loss, abrogation, or interruption of her federal rights in connection with state-court judgments rendered on or before September 28, 2018, without obtaining leave of this Court. The injunction set forth in the previous sentence includes, but is not limited to, a prohibition against filing any**

---

[1] *See also Skipp v. Connecticut* (19-cv-00498-KAD).

**pleading, motion, or other paper in this district, no matter whether styled as a writ of habeas corpus or otherwise, that challenges state-court judgments rendered on or before September 28, 2018 relating to any custody issues concerning her children, without first obtaining permission of this Court. In seeking leave of Court, Ms. Skipp or any individual or entity acting for her, or at her behest, shall comply with each of the following requirements:**

1. **With any complaint or document purporting to commence a lawsuit, action, proceeding, or matter in this Court, Ms. Skipp shall file a motion of no more than <u>3 pages</u> captioned "Application Pursuant to Court Order Seeking Leave to File" that attaches the complaint or document as "Exhibit 1" to that motion. She shall also shall attach as "Exhibit 2" to that motion either an affidavit or an unsworn declaration pursuant to 28 U.S.C. § 1746 of no more than <u>3 pages</u> certifying whether or not the claim she wishes to present is a claim ever raised by her in any court, agency, tribunal, committee, or other forum. She shall also attach as "Exhibit 3" to that motion a list of each and every lawsuit, action, proceeding, matter, or complaint previously filed by her or on her behalf in any court, agency, tribunal, committee, or other forum, against each and every defendant or respondent in the lawsuit, action, proceeding, or matter she wishes to file.**

2. **For any actual or purported motion, affidavit, declaration, pleading, or other document that Ms. Skipp seeks to serve and/or file *in a pending case* in this Court (whether or not the case has been closed on the docket) – <u>regardless of whether it pertains to the subject matter above</u> – Ms. Skipp shall attach such filing to an affidavit or unsworn declaration pursuant to 28 U.S.C. § 1746 of**

**no more than 3 pages attesting to the necessity for filing, certifying that the document is submitted in good faith, and indicating the names of those persons upon whom she proposes to serve the document and the address at which service will be made. This provision shall not apply to notices of appeal.**

**The Clerk is instructed not to docket any filing made by Ms. Skipp of any kind (with the sole exception of a notice of appeal from this order) but shall first provide such filing to the assigned judge to determine whether the filing does not violate this order or the order of Judge Bolden. If Ms. Skipp seeks to pursue her rights in any other federal district or in state court, she shall attach this Order and the order of Judge Bolden to any such filing. Ms. Skipp also is hereby notified and advised that failure to honor the terms of this Order shall subject her to penalties available for contempt of this court, including but not limited to fine, imprisonment, or both. Ms. Skipp is further advised that failure to comply with the terms of this Order will be sufficient grounds for this Court to deny any motion by Ms. Skipp for leave to file or for the Court summarily to deny her permission to serve and/or file any document.**

This Order is entered with the following limitations. Nothing in this Order shall be construed as having any effect on Ms. Skipp's ability to defend herself in any genuine criminal action brought against her. (However, should Ms. Skipp initiate an action or file papers in this Court styled inaccurately as a criminal action or filings related to a criminal action, she will subject herself to penalties for contempt.) Nothing in this Order shall be construed as denying Ms. Skipp access to the United States Courts of Appeals.

Ms. Skipp may file an appeal of this order to the Court of Appeals.

IT IS SO ORDERED.

/s/
Michael P. Shea, U.S.D.J.

Dated: Hartford, Connecticut
May 17, 2019